*ELIZABETH EICHERT ET AL. V. ELIZABETH EICHERT, WIDOW, ET AL.

CIRCUIT COURT HAS JURISDICTION ON APPEAL TO PUNISH RECEIVER FOR WILFUL DISOBEDIENCE OF ITS ORDERS.

The circuit court having jurisdiction over the person of the receiver and the subject-matter on appeal by the receiver, may enforce obedience to its orders by proceedings in contempt as though the appointment of the receivership were made by it.

**Fred Hertenstein,** for the charges.
**Patrick Gaynor,** for the receiver.

GIFFEN, J.

The jurisdiction of this court over the person of the receiver and the subject-matter on appeal from the order of the common pleas court is conclusively determined by the Supreme Court in affirming the order of this court; but it is claimed that, although the receiver wilfully disobeys the order of this court, he can be punished for contempt only by the court appointing him. He himself invoked the jurisdiction of this court by appealing from the order made by the common pleas court, which was thereby suspended; and this court having made a.

---

*For other decisions relating to this receivership, see, *ante,* 810; 28 O. C. C 795 (8 N. S. 526).

Hamilton County.

like order against the receiver may enforce obedience thereto with all the power and to the same extent it could if he were appointed by it. He can not by appeal suspend the order of the common pleas court and then defy the order of this court upon the ground that only the court appointing him can enforce the order.

As said in the case of *State* v. *Johnson,* 13 Fla. 33, 50:

"He is amenable to the court having authority for the time being in the due course of law."

There is no excuse for his resistance of the order of the court to pay over the money found in his hands as receiver. If the money has been appropriated to his own use, and he is therefore unable to pay as directed the offense is thereby aggravated. Section 6640 Rev. Stat.

We regret to conclude that the receiver is without lawful excuse for his disregard of duty, of the authority of this court, and of the law of the case, wherefore he is adjudged to be in contempt.

**Swing** and **Smith, JJ.,** concur.